IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01880-KLM

JANET L. KING,

    Plaintiff,

v.

JPMORGAN CHASE BANK, a National Association,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Partial Summary Judgment** [Docket No. 39; Filed March 28, 2013] (the "Motion"). On May 13, 2013, Plaintiff filed a Response [#44]. On May 30, 2013, Defendant filed a Reply [#45]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#39] is **DENIED**.

## I. Summary of the Case

Plaintiff brings the present action for violation of the Equal Credit Opportunity Act (the "ECOA") and for misrepresentation.[1] *Compl.* [#1] at 8-9; *Stipulated Motion to Dismiss Certain Claims* [#37] at 2. The Motion at issue [#39] concerns only violation of the ECOA.

---

[1] In her Complaint [#1], Plaintiff also alleges tortious interference with business expectancy and violation of the Fair Debt Collection Practices Act. By stipulation of both parties, both of these claims have been dismissed with prejudice. *See Stipulated Motion to Dismiss Certain Claims* [#37] at 2.

*See generally Motion* [#39].

On September 5, 2006, Plaintiff obtained from Washington Mutual Bank ("WMB") a loan evidenced by an adjustable rate note (the "Loan").  The Loan was in the amount of $910,000 and carried a maturity date of October 1, 2036.  *See Def. Ex. 1, Adjustable Rate Note* [#39-1] at 2.  Approximately two years later, on September 25, 2008, Defendant acquired several WMB assets, including the Loan.  *Def. Ex. A, Def.'s Resp. to Pl.'s First Set of Interrogs.* [#39-2] at 16.  Shortly thereafter, Plaintiff ceased making payments on the Loan and sought a Loan modification from Defendant.  *Def. Ex. 2, Decl. of Araceli Urquidi* [#39-2] at 3.

On three separate occasions—October 14, 2010, December 31, 2010, and May 10, 2011—Plaintiff submitted to Defendant a credit application.  *Pl. Ex. A, Decl. of Pl.* [#44-1] at 1-2.  Defendant maintains that each of Plaintiff's credit applications was incomplete.  *Def. Ex. 2, Decl. of Araceli Urquidi* [#39-2] at 3-5.  In an effort to cure this alleged incompleteness, Defendant orally notified Plaintiff that Plaintiff's credit application was missing certain documents and therefore incomplete.  *See id.*  Plaintiff contends that, despite having already submitted all of the documentation that was allegedly missing, she repeatedly resubmitted the documents requested by Defendant.  *Pl. Ex. A, Decl. of Pl.* [#44-1] at 1-2.  However, Defendant continued to insist that Plaintiff's credit applications were incomplete.  *Def. Ex. 2, Decl. of Araceli Urquidi* [#39-2] at 3-5.  While Defendant ultimately sent Plaintiff a denial letter for each of Plaintiff's credit applications, *Def. Ex. B, Consolidated Notes Log* [#39-2] at 21-44; [#39-3] at 1-49; *Compl.* [#1] at 8-9; *see Motion* [#39] at 6, Defendant sent each of these denial letters more than thirty days after Plaintiff alleges she submitted a completed credit application.  *See Def. Ex. B, Consolidated Notes*

*Log* [#39-2] at 21-44; [#39-3] at 1-49; *Compl.* [#1] at 8-9; *see Motion* [#39] at 6.

In her Complaint [#1], Plaintiff alleges that Defendant violated three discrete provisions of the ECOA. *See Compl.* [#1] at 8-9. However, Plaintiff has voluntarily dismissed her claim that Defendant violated 15 U.S.C. § 1691(a)(1) by discriminating against Plaintiff on account of Plaintiff's marital status. *Stipulated Motion to Dismiss Certain Claims* [#37] at 2. Plaintiff has also voluntarily dismissed her claim that Defendant violated 15 U.S.C. § 1691(d)(2) by failing to provide adequate notice of adverse action. *Stipulated Motion to Dismiss Certain Claims* [#37] at 2. Accordingly, the Motion at issue [#39] concerns only Plaintiff's claim that Defendant violated 15 U.S.C. § 1691(d)(1) "[b]y failing to provide Plaintiff a written notice of denial of her credit application within 30 days from the date of receiving a completed application." *Compl.* [#1] at 8. In support of the Motion [#39], Defendant contends that it did not violate Section 1691(d)(1) because it never receive a completed credit application from Plaintiff. *See Motion* [#39] at 6-8. In further support of the Motion [#39], Defendant contends that, even if it had received a completed credit application from Plaintiff, it still did not violate Section 1691(d)(1) because it complied with all requisite notice provisions. *Id.* at 8-10.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue

in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

## III. Analysis

### A. Plaintiff's Credit Applications Were Not Incomplete as a Matter of Law

Defendant argues that Plaintiff's credit applications were incomplete as a matter of law and that Defendant is therefore entitled to summary judgment. *Motion* [#39] at 5-8. The Court disagrees.

The ECOA provides that "[w]ithin thirty days . . . after the receipt of a *completed* application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1) (emphasis added). Where, as here, the creditor's action is a denial of credit, the creditor must provide written notice of the denial. *Gunter v. Long Island Power Auth./Keyspan*, No. 08CV498(RRM)(LB), 2012 WL 4057410, at *10 (E.D.N.Y. Aug. 8, 2012); *see* 15 U.S.C. § 1691(d)(6) (stating that denial of credit is an "adverse action"); 15 U.S.C. § 1691(d)(2)(A)-(B) (stating that "adverse actions" require written notice). In the present case, it is not disputed that Defendant sent written denials of Plaintiff's credit applications more than thirty days after Plaintiff submitted her credit applications. *Compl.* [#1] at 8-9; *Motion* [#39] at 6. Plaintiff's claim that Defendant "violated [the] ECOA . . . by failing to provide Plaintiff a written notice of denial of her credit application within 30 days from the date of receiving a completed application," *Compl.* [#1] at 8, therefore turns on whether Plaintiff's credit applications were complete. If Plaintiff's credit applications were, as a matter of law, incomplete, summary judgment is appropriate;[2] alternatively, if there

---

[2] Plaintiff argues that even if Plaintiff's credit applications were, as a matter of law, incomplete, summary judgment is still inappropriate because Defendant violated a notice provision of Regulation B of the ECOA. The Court is not persuaded. Plaintiff correctly reads Regulation B as providing that "[a]lthough a creditor may inform the applicant orally of the need for additional information, if the application remains incomplete, the creditor shall send written notice of incompleteness or denial." *Gunter*, 2012 WL 4057410, at *10 (internal quotation marks omitted).

exists a genuine issue of material fact as to whether Plaintiff's credit applications were complete, summary judgment is not appropriate. *See* Fed. R. Civ. P. 56(a). The Court finds on two bases that a genuine issue of material fact exists as to whether Plaintiff's credit applications were complete. The first is a matter of the record; the second a matter of the statute.

**1. The Record**

Defendant is quick to assert that "[t]he undisputed evidence . . . shows that Plaintiff never completed her application for the loan modification." *Motion* [#39] at 6. However, the record shows that Plaintiff has submitted, under penalty of perjury, a declaration stating that she provided on multiple occasions all information that Defendant required to complete her credit application. *See generally Pl. Ex. A, Decl. of Pl.* [#44-1]. Contrary to what Defendant seems to believe, *see, e.g.*, *Motion* [#39] at 7; *Reply* [#45] at 3, there is no requirement under Fed. R. Civ. P. 56 that a plaintiff support her contentions with documentary evidence as opposed to declaration evidence. *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 211 (D.N.J. 2012). Here, Plaintiff has provided evidence suggesting that her credit applications were complete. *See, e.g.*, *Pl. Ex. A, Decl. of Pl.* [#44-1] at 1-2. In opposition, Defendant has offered evidence—a declaration by one of its employees—that Plaintiff's credit applications were not complete.[3] *See, e.g.*, *Def. Ex. 2,*

---

Plaintiff's Complaint [#1] does not, however, assert a claim for violation of this notice provision. *See generally Compl.* [#1]. The Court is unwilling to resolve the Motion at issue by evaluating the merits of a claim Plaintiff has not actually pled.

[3] Plaintiff argues that this evidence is inadmissible because Defendant did not disclose the declarant, Araceli Urquidi ("Urquidi"), in its initial Rule 26(a) disclosures. *See Resp.* [#44] at 5. The Court is not persuaded. Fed. R. Civ. P. 37(c)(1) provides, "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or

*Decl. of Araceli Urquidi* [#39-2] at 1-5. Accordingly, the Court finds that there exists a genuine issue of material fact as to whether Plaintiff's credit applications were complete. *Cf. D'Argenzio v. Bank of America Corp.*, 877 F. Supp. 2d 202, 211 (D.N.J. 2012).

### 2. The Statute

In addition, Regulation B of the ECOA provides, "A completed application means an application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 202.2(f). Other courts have interpreted this language to mean that "an application is considered 'complete' not when the applicant completes it . . . but when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan." *High v. McLean Fin. Corp.*, 659 F. Supp. 1561, 1563-64 (D.D.C. 1987); *Faulkner v. Glickman*, 172 F. Supp. 2d 732, 741 (D. Md. 2001); *Kirk v. Kelley Buick of Atlanta, Inc.*, 336 F. Supp. 2d 1327 (N.D. Ga.

---

information not so disclosed." Importantly, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court," *Woodworkers Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)), and "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply*, 170 F.3d at 993 (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). Nevertheless, "the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993 (citing *Newman v. GHS Osteopathic Inc.,* 60 F.3d 153 (3d Cir.1995)). The Court finds that Defendant's failure to disclose Urquidi in its initial 26(a) disclosures does not offend any of these factors. In regard to the first and second factors, because Defendant's initial 26(a) disclosures iterated that it was disclosing a "representative" with knowledge of Defendant's files, *Resp. Ex. B* [#44-2] at 3, Plaintiff did not suffer prejudice or surprise as a result of Defendant's failure to disclose Urquidi specifically. In regard to the third factor, Plaintiff has not alleged that Urquidi's declaration would in any way interrupt the present litigation. In regard to the fourth factor, there is no evidence that Defendant acted willfully or in bad faith in not disclosing Urquidi. Accordingly, the Court finds Defendant's failure to disclose Urquidi in its initial Rule 26(a) disclosure was, at worst, harmless error; consequently, the Court finds that Urquidi's declaration is admissible.

2004). While the Court finds such an interpretation persuasive, the Court may not ignore Regulation B's subsequent mandate that "[t]he creditor shall use reasonable diligence in obtaining such information." 12 C.F.R. § 202.2(f); *see generally Thompson v. Galles Chevrolet Co.*, 807 F.2d 163, 166 (10th Cir. 1986) ("[T]he ECOA and Regulation B are not amenable to flexible judicial construction."). If Defendant has not used reasonable diligence in obtaining the information necessary to complete Plaintiff's credit application, the Court will not allow Defendant to use incompleteness to shield itself from ECOA liability. *Accord Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1044 (N.D. Cal. 2010) (citing *Dufay v. Bank of Am. N.T. & S.A. of Or.*, 94 F.3d 561, 565 (9th Cir. 1996)).

In regard to reasonable diligence, Regulation B provides that "[w]ithin 30 days after receiving an application that is incomplete regarding matters that an applicant can complete, the creditor shall notify the applicant either: (i) [o]f action taken . . . ; or (ii) [o]f the incompleteness . . . ." 12 C.F.R. § 202.9(c)(1). As noted above, Plaintiff and Defendant agree that Defendant did not send written denials of Plaintiff's credit application until more than thirty days after Plaintiff submitted her credit applications. *See Compl.* [#1] at 8-9; *Motion* [#39] at 6. Accordingly, in order to comply with Regulation B, Defendant was required to notify Plaintiff of the incompleteness of Plaintiff's application. In regard to notifying a credit applicant that his or her application is incomplete, Regulation B continues that "[a]lthough a creditor may inform the applicant orally of the need for additional information, if the application remains incomplete, the creditor shall send written notice of incompleteness or denial." *Gunter*, 2012 WL 4057410, at *10 (internal quotation marks omitted) (citing 12 C.F.R. § 202.9(c)(3)). Accordingly, though Defendant insists it called Plaintiff numerous times to inform Plaintiff of the incompleteness of her applications, *see*

*Motion* [#39] at 6, such effort does not meet the requirement of Regulation B. That Defendant on multiple occasions failed to comply with a notice provision of Regulation B could lead a rational factfinder to conclude that Defendant did not use reasonable diligence in obtaining the information necessary to complete Plaintiff's credit application. If Defendant did not use reasonable diligence in obtaining the information necessary to complete Plaintiff's credit application, there exists a genuine issue of material fact as to whether Plaintiff's credit applications were complete for purposes of the ECOA. *Accord Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp. 2d 1034, 1044 (N.D. Cal. 2010) (citing *Dufay v. Bank of Am. N.T. & S.A. of Or.*, 94 F.3d 561, 565 (9th Cir. 1996)).

Despite Defendant's aggressive avowals to the contrary, Plaintiff has presented evidence, and Defendant's conduct plausibly suggests, that Plaintiff's credit applications were complete for purposes of the ECOA. Accordingly, the Court finds that there exists a genuine issue of material fact as to whether Plaintiff's credit applications were complete.

**B.   Defendant Is Not Unaccountable as a Matter of Law**

Defendant further argues that it is irrelevant whether Plaintiff's credit applications were incomplete because, even if Plaintiff's applications were complete, Defendant cannot be found liable as a matter of law for violating Section 1691(d)(1) of the ECOA. *See Motion* [#39] at 8-10. The Court disagrees.

Defendant's argument can be reduced to a simple categorical syllogism. For its major premise, Defendant correctly observes that "oral notification is sufficient when the action being taken [by Defendant] is not adverse." *Motion* [#39] at 9 (citing *Madrigal v. Kline Oldsmobile, Inc.*, 423 F.3d 819, 823 (8th Cir. 2005)). For its minor premise, Defendant correctly observes that "asking for additional information to assist with obtaining

credit [for Plaintiff]" is not an adverse action. *Motion* [#39] at 9 (citing *Madrigal*, 423 F.3d at 822-23)) .  From these premises, Defendant logically concludes that its requests for additional information required only oral notification and therefore did not violate Section 1691(d)(1). Defendant's argument, while logically correct, leaves the Court to wonder where the denials of Plaintiff's credit applications—*the focus of Plaintiff's claim*—come into play.  Plaintiff's ECOA claim does not allege that Defendant violated the statute by orally requesting additional information instead of making the requests in writing.  *See generally Compl.* [#1] at 8-9.  Instead, Plaintiff asserts that Defendant violated the statute by failing to timely provide written notice of denial of Plaintiff's credit application. *Id.*  Defendant's argument therefore fails entirely to address the claim at issue.

As indicated above, the Tenth Circuit has warned that "the ECOA and Regulation B are not amenable to flexible judicial construction."  *Thompson*, 807 F.2d at 166. Regulation B clearly specifies that a creditor must provide, within thirty days of receipt of a completed application, written notice of any adverse action on that application. 12 C.F.R. § 202.9(a)(1).  The statute clearly specifies that denial of credit is an adverse action.  15 U.S.C. § 1691(d)(6).  From these premises, the Court concludes that a denial of credit requires written notification within thirty days of receipt of a completed credit application. *Gunter*, 2012 WL 4057410, at *10;  *see* 15 U.S.C. § 1691(d)(6) (stating that denial of credit is an "adverse action"); 15 U.S.C. § 1691(d)(2)(A)-(B) (stating that "adverse actions" require written notice).

In the present case, it is not disputed that Defendant failed to provide, within thirty days of receipt of Plaintiff's credit applications, written notice of denial of Plaintiff's credit applications.  *See Compl.* [#1] at 8-9; *Motion* [#39] at 6.  Accordingly, assuming *arguendo*

that Plaintiff's credit applications were complete, the Court cannot find as a matter of law that Defendant is not liable for violating Section 1691(d)(1) of the ECOA.

Ultimately, the Court is persuaded that Defendant's liability for Plaintiff's Section 1691(d)(1) claim turns on whether Plaintiff's credit applications were "complete." The Court finds this question of completeness to be an issue of material fact. Pursuant to Fed. R. Civ. P. 56(c), summary judgment is therefore inappropriate.

## IV.  Conclusion

For the foregoing reasons, the Motion [#39] is **DENIED**.

Dated: July 3, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge